# EXHIBIT 24

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CAPELLA PHOTONICS, INC.<br><br>　　　　Plaintiff,<br><br>v.<br><br>FUJITSU NETWORK COMMUNICATIONS, INC.,<br><br>　　　　Defendant. | Case No.  2:20-cv-00076-JRG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF CAPELLA PHOTONICS, INC.'S INITIAL AND ADDITIONAL DISCLOSURES PURSUANT TO PARAGRAPHS 1 & 3 OF THE DISCOVERY ORDER**

Plaintiff Capella Photonics, Inc. ("Capella") hereby provides the following Initial and Additional Disclosures. These Disclosures are based on information currently known to Capella following a reasonable investigation, and that Capella currently believes may be relevant to the pleaded claims or defenses. Capella reserves the right to amend, supplement, and/or modify these Disclosures consistent with the Local Rules and/or as authorized by the Court.

**I.     Correct Name of Parties to the Lawsuit [Discovery Order, Paragraph 1(a)]**

The correct name of the Plaintiff is Capella Photonics, Inc. Defendant admitted in its Answer, dated May 28, 2020, that its correct name is Fujitsu Network Communications, Inc. *See* ECF No. 14 at p. 1.

**II.    Name, Address, and Phone of Potential Parties [Discovery Order, Paragraph 1(b)]**

Capella is not currently aware of any additional potential parties. However, discovery has not yet commenced and Capella's independent investigation is ongoing.

**III.     Legal Theories and Factual Bases for Claims [Discovery Order, Paragraph 1(c)]**

Capella has filed claims for infringement of U.S. Patent Nos. RE47,905 and RE47,906. *See* 35 U.S.C. §271. The factual basis for these claims are supported by Capella's Complaint and its Patent Rule 3-1 disclosures, dated July 27, 2020, which are incorporated by reference herein. Capella's claims include allegations of both contributory infringement and inducement. Capella has also alleged this infringement has been willful, and that the above-caption action should be deemed exceptional. *See* 35 U.S.C. §285. Defendant has been on notice of infringement of the patents and infringement dating back to 2014 when Capella filed suit for infringement of the patents-in-suit before reissue in 2020. Despite knowledge of the reissue of the patents-in-suit and infringement, Defendant has continued to sell infringing products.

**IV.     Persons Having Knowledge of Relevant Facts [Discovery Order, Paragraph 1(d)]**

Capella herein provides, based on the information currently available, the name and last known address and telephone number of each individual who Capella currently believes has knowledge of facts relevant to the above-captioned action. Also provided is a brief, fair summary of the substance of the information known by each such individual.

| Name | Contact Information | Subjects |
|---|---|---|
| Christopher B. Lucas<br>Chief Executive Officer and CFO<br>Capella Photonics, Inc. | Contact Through Counsel<br>Manatt, Phelps & Phillips | Information about Capella's business and ownership of the asserted patents. |
| Steve Reale<br>Secretary<br>Capella Photonics, Inc. | Contact Through Counsel<br>Manatt, Phelps & Phillips | Information about Capella's business and ownership of the asserted patents. |
| Rick Snyder<br>Controller<br>Capella Photonics, Inc. | Contact Through Counsel<br>Manatt, Phelps & Phillips | Information about Capella's business and ownership of the asserted patents. |

| Name | Contact Information | Subjects |
|---|---|---|
| Jason D. Eisenberg and other attorneys at Sterne, Kessler, Goldstein & Fox | Sterne, Kessler, Goldstein & Fox, 1100 New York Avenue, NW, Suite 600, Washington, D.C. 20005 | Prosecution of the asserted patents. |
| Unidentified current and former employees of Defendant and suppliers | Unknown | Current and former employees of Defendant, related entities, and suppliers may have information related to the infringement and validity of the patents-in-suit. They may also have information about sales and marketing documents related to, and damages resulting from, Defendant's infringement along with information about the willfulness of that infringement. |

V.      **Indemnity and Insuring Agreements [Discovery Order, Paragraph 1(e)]**

Capella is not currently aware of any indemnity and/or insuring agreements under which a person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in the above-captioned action or to indemnity or reimburse for payments made to satisfy any judgment.

VI.     **Settlement Agreements [Discovery Order, Paragraph 1(f)]**

Capella is not currently aware of any settlement agreements relevant to the subject matter of the above-captioned action.

VII.    **Party Statement [Discovery Order, Paragraph 1(g)]**

Capella is not currently aware of any statements of the parties to the above-captioned action.

**VIII.    Disclosures Required by the Patent Rules [Discovery Order, Paragraph 3(a)]**

Capella's disclosures have been or will be provided in accordance with the deadlines set forth in the Patent Rules for the Eastern District of Texas, in the Court's Orders, and/or as agreed by the parties.

**IX.    Production of Documents [Discovery Order, Paragraph 2(b)]**

Capella will provide production in accordance with the Court's discovery orders. Documents have been provided to Defendant, and Capella will continue to supplement its production as necessary.

**X.    Computation of Damages [Discovery Order, Paragraph 2(c)]**

Capella is in the initial stages of its damages investigation. Accordingly, no damage computation is provided herewith as Capella has not yet determined the extent and full amount of damages caused by the Defendant's conduct. Moreover, Capella's damages may be largely dependent upon documents and information in the possession, custody, and/or control of Defendant, none of which have been provided. Nevertheless, Capella estimates that it is entitled to damages for patent infringement based on, but not limited to, reasonable royalties, legal fees, costs of this action, and pre-judgment interest on all infringed products and convoyed goods and services. Capella is further entitled to increased damages, as provided by law, up to three times.

Discovery has not yet commenced and, as noted above, Capella's damages may be largely dependent upon documents and information in the possession, custody, and/or control of Defendant. Capella therefore reserves the right to produce supplemental documents or other evidentiary material, not privileged or otherwise protected from disclosure, that become available and on which it will base its computation of damages or will be used to establish the nature and extent of injuries suffered.

Capella's expert witness on damages will analyze and compute the amount of damages Capella has suffered as a consequence of Defendant's infringement based, in part, on the documents and information that Defendant and third parties produce in discovery.  Capella will timely serve its expert report[s] on damages in accordance with the Court's Docket Control Order in this case.  Capella anticipates that its expert's determination of a reasonable royalty will be based on the application of the analysis set forth and approved in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970), and other relevant precedents.

Dated:  August 10, 2020

By: /s/ *Charles Everingham IV*
Charles Everingham IV (TX SBN 00787447)
Email: *ce@wsfirm.com*
T. John Ward (TX SBN 20848000)
Email: *tjw@wsfirm.com*
Claire Abernathy Henry (TX SBN 24053063)
Email: *claire@wsfirm.com*
Andrea Fair (TX SBN 24078488)
Email: *andrea@wasfirmn.com*
WARD, SMITH & HILL, PLLC
P.O. Box 1231
Longview, TX 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Robert D. Becker (Cal. Bar 160648)
Email: *rbecker@manatt.com*
Christopher L. Wanger (Cal. Bar 164751)
Email: *cwanger@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
1 Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Attorneys for Plaintiff,
CAPELLA PHOTONICS, INC.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document, entitled Plaintiff Capella Photonics, Inc.'s Initial and Additional Disclosures Pursuant to Paragraphs 1 & 3 of the Discovery Order, was served on all counsel of record who have consented to electronic service on this 10th day of August, 2020.

*/s/ Robert D. Becker*
Robert D. Becker

326610898.1