# EXHIBIT 26

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CAPELLA PHOTONICS, INC., <br><br> Plaintiff <br><br> v. <br><br> FUJITSU NETWORK COMMUNICATIONS, INC., <br><br> Defendant. | Civ. No. 2:20-cv-00076 <br><br> **JURY TRIAL DEMANDED** |

**FUJITSU NETWORK COMMUNICATIONS, INC.'S
INITIAL AND ADDITIONAL DISCLOSURES**

Defendant Fujitsu Network Communications, Inc. ("FNC") hereby provides to Plaintiff Capella Photonics, Inc. ("Capella") the following information for its Initial and Additional Disclosures pursuant to Paragraphs 1 and 3 of the Court's Discovery Order (the "Discovery Order") based on information now reasonably available to FNC.

FNC reserves the right to supplement, amend, or modify its disclosures. FNC also reserves all claims of privilege, work product immunity, and other protections from discovery and makes these disclosures without waiver of any privilege, immunity, or protection.

These disclosures are a good faith effort to provide information called for by Rule 26(a)(1) and the Discovery Order. By making these disclosures, FNC is not representing that it identified every witness, document, item of electronically stored information, or thing that it may use to support its defenses or claims. FNC's disclosures are preliminary and limited because Capella's infringement allegations are speculative, indefinite, and conclusory. For example,

1

Capella's Patent Rule 3-1 Disclosures do not specifically identify "where each element of each asserted claim is found within each Accused Instrumentality" as required by Patent Rule 3-1(c). In addition, Capella fails to identify any basis or support for its contentions as to several elements of the asserted claims.

### I.   CORRECT NAMES OF THE PARTIES TO THE LAWSUIT (PARAGRAPH 1(A))

The correct name of Defendant is Fujitsu Network Communications, Inc.

### II.   NAME, ADDRESS, AND TELEPHONE NUMBER OF POTENTIAL PARTIES (PARAGRAPH 1(B))

To the best of FNC's present knowledge, there are no other "potential parties" to this lawsuit.

### III.   LEGAL THEORIES AND GENERAL FACTUAL BASES OF CLAIMS AND DEFENSES (PARAGRAPH 1(C))

FNC provides the following legal theories and general factual bases but reserves the right to supplement or amend its disclosures. FNC also reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c), the Patent Laws of the United States, and any other legal or equitable theory that may now exist or in the future may be available based on discovery and further factual investigation in this case. FNC states the following without waiving any argument or, in the alternative, any demand for a more definite statement.

FNC denies the allegations of infringement as recited in Capella's Complaint for Patent Infringement. FNC is not performing any act and is not proposing to perform any act in violation of any rights validly belonging to Capella. In particular, FNC does not infringe and has not infringed, induced infringement of, or contributed to the infringement of any valid and enforceable claim of any of U.S. Patent Nos. RE47,905 or RE47,906 (the "Patents-in-Suit"), either literally or under the doctrine of equivalents. For any valid and enforceable claim of the Patents-in-Suit, FNC's products and methods fail to include all limitations of such claim, either

literally or under the doctrine of equivalents. FNC will provide its detailed claim construction positions at the time and in the manner provided in the Local Patent Rules and the Court's Docket Control Order.

The claims of the Patents-in-Suit are invalid and/or ineligible for failure to meet one or more of the requirements of Title 35, specifically including 35 U.S.C. §§ 101, 102, 103 and/or 112.

The claims of the Patents-in-Suit are invalid, in whole or in part, for failure to meet one or more of the requirements of 35 U.S.C. § 251.

Capella's claims for damages are limited by the doctrines of statutory, absolute, and/or equitable intervening rights under 35 U.S.C. § 252. Capella is not entitled to damages based on the manufacture, use, offer for sale, sale, or importation of the Accused Instrumentalities prior to the date of issuance of the Patents-in-Suit under 35 U.S.C. § 252 because the claims of the Patents-in-Suit are not substantially identical to the claims of RE42,368 and RE42,678 (the "Original Patents").

Capella's claims for patent infringement of the Patents-in-Suit are barred by the doctrines of collateral estoppel (*i.e.*, issue preclusion) and res judicata (*i.e.*, claim preclusion), particularly to the extent that the claims of the Patents-in-Suit are deemed substantially identical to the claims of the Original Patents as alleged by Capella.

Any potential recovery by Capella is limited by statutory damages limitations, including without limitation 35 U.S.C. §§ 286, 287, and/or 288.

Capella's claims are barred, in whole or in part, by the doctrines of express or implied license.

Capella's claims and/or damages are barred and unenforceable, in whole or in part, under the principles of equity, including laches, waiver, unclean hands and/or estoppel.

Capella's claims are barred, in whole or in part, based on prosecution history estoppel, prosecution disclaimer, and prosecution laches.

Although Capella is not entitled to any relief whatsoever, Capella is also not entitled to any injunctive relief as a matter of law because, at a minimum, Capella cannot satisfy the legal requirements for such relief and Capella has an adequate remedy at law for any claims it can prove.

FNC reserves the right to assert additional affirmative defenses that become available or appear during discovery proceedings in this action and reserves the right to amend this pleading and to assert any such additional affirmative defenses.

FNC further seeks attorney's fees pursuant to 35 U.S.C. § 285 and its costs of court, expenses and disbursements, and any further relief deemed appropriate by the Court.

## IV. NAME, ADDRESS, AND TELEPHONE NUMBER OF PERSONS HAVING KNOWLEDGE OF RELEVANT FACTS (PARAGRAPH 1(D))

The following individuals are believed likely to have discoverable information that FNC may use to support its defenses or claims. FNC believes that other, not yet identified, individuals or entities may have discoverable information and specifically reserves the right to identify additional witnesses as discovery proceeds. FNC incorporates by reference herein all other parties' disclosures of individuals believed likely to have discoverable information.

FNC provides the last known name, address, and phone number for each individual for which it has such information. All persons whose names are underlined are current or former employees of, or consultants to, FNC or its affiliated companies. All communications with those individuals should be made only through counsel for FNC in this action.

| Individual & Location | Subject(s) |
|---|---|
| Rich Colter<br>Contact through counsel for FNC. | Senior Director at FNC. He is knowledgeable to some extent about the structure and operation of the accused FNC ROADM devices. |
| Francois Moore<br>Contact through counsel for FNC. | Director at FNC in the Business Management Department. He is knowledgeable to some extent about the pricing, sales volumes, and sales strategies related to the accused ROADM devices. |
| Christopher Lucas<br>Glendale, CA | Capella's CEO and CFO, relevant to valuation of, the commercial success/failure of, and any licensing or enforcement for the Patents-in-Suit. |
| Steve Reale<br>Corte Madera, CA | Capella's Secretary, relevant to valuation of, the commercial success/failure of, and any licensing or enforcement for the Patents-in-Suit. |
| Harvey Trop<br>Fremont, CA | Capella's former VP, Quality & Reliability, relevant to valuation of, the commercial success/failure of, and any licensing or enforcement for the Patents-in-Suit. |
| Rafael Torres<br>San Jose, CA | Capella's former CFO, relevant to valuation of, the commercial success/failure of, and any licensing or enforcement for the Patents-in-Suit. |
| George Berberis<br>San Jose, CA | Capella's former COO, relevant to valuation of, the commercial success/failure of, and any licensing or enforcement for the Patents-in-Suit. |
| Larry Schwerin<br>Saratoga, CA | Capella's former CEO, relevant to valuation of, the commercial success/failure of, and any licensing or enforcement for the Patents-in-Suit. |
| Bruce Gray<br>El Dorado Hills, CA | Capella's former President, relevant to valuation of, the commercial success/failure of, and any licensing or enforcement for the Patents-in-Suit. |
| Jeffrey P. Wilde<br>Los Altos, CA | Listed inventor of Patents-in-Suit and Original Patents. On information and belief, he likely has knowledge about conception and reduction to practice, the Patents-In-Suit, the Original Patents and their prosecution. |
| Joseph E. Davis<br>Morgan Hill, CA | Listed inventor of Patents-in-Suit and Original Patents. On information and belief, he likely has knowledge about conception and reduction to practice, the Patents-In-Suit, the Original Patents and their prosecution. |

| Tai Chen<br>San Jose, CA | Listed inventor of one of the Patents-in-Suit RE47,905 and one of the Original Patents RE42,368. On information and belief, he likely has knowledge about conception and reduction to practice, the Patents-In-Suit, the Original Patents and their prosecution. |
|---|---|
| Corporate representative or person most knowledgeable from Finisar Corporation Sunnyvale, CA | Finisar is knowledgeable about the development, operation and functionality of wavelength selective switches.  Finisar likely has knowledge relevant to the damages issue of non-infringing alternatives. |
| Corporate representative or person most knowledgeable from Lumentum Operations LLC San Jose, CA | Lumentum is knowledgeable about the development, operation and functionality of wavelength selective switches.  Lumentum likely has knowledge relevant to the damages issue of non-infringing alternatives. |

FNC is not able to identify all employees, suppliers, agents, consultants, and/or other representatives of the parties or of non-parties likely to have discoverable information that FNC may use to support its defenses or claims.  Such individuals may include, but are not limited to: (a) authors of prior art publications and patents relevant to the subject matter of the Patents-in-Suit; (b) individuals having knowledge of any prior art use, sale, offer for sale, or invention relevant to the subject matter of the Patents-in-Suit; (c) individuals having knowledge of the level of ordinary skill in the art to which the alleged inventions pertain; (d) individuals having knowledge of any license to the Patents-in-Suit, any offer to license the Patents-in-Suit, or any refusal to license the Patents-in-Suit; (e) individuals having knowledge of the circumstances or manner in which the alleged inventions are disclosed in the Patents-in-Suit; (f) individuals having knowledge of the alleged inventorship, ownership or rights in the Patents-in-Suit and/or their subject matter; and (g) individuals having knowledge of the assignment and/or transfer of any rights in the Patents-in-Suit.

### V. INSURANCE AND INDEMNITY AGREEMENTS (PARAGRAPH 1(E))

The following companies (pursuant to identified agreements) may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment:

Finisar Corp. (Master Purchase Agreement dated Jan. 1, 2011); and

Lumentum Operations LLC (Terms of Sale).

FNC is not aware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse FNC for payments made to satisfy the judgment.

FNC reserves the right to supplement and/or amend this disclosure as discovery proceeds and in conformity with the Court's Docket Control Order, the Court's Local Rules, and the Federal Rules of Civil Procedure.

### VI. SETTLEMENT AGREEMENTS (PARAGRAPH 1(F)

FNC is not currently aware of any settlement agreements relevant to the subject matter of this action.  FNC reserves the right to supplement and/or amend this disclosure as discovery proceeds and in conformity with the Court's Docket Control Order, the Court's Local Rules, and the Federal Rules of Civil Procedure.

### VII. STATEMENT OF ANY PARTY TO THE LITIGATION (PARAGRAPH 1(G))

FNC is not currently aware of any statement of any party to the litigation, except for pleadings and disclosures made during this litigation, which have been served on all parties.

FNC reserves the right to supplement and/or amend this disclosure as discovery proceeds and in conformity with the Court's Docket Control Order, the Court's Local Rules, and the Federal Rules of Civil Procedure.

## VIII. DISCLOSURES REQUIRED BY THE PATENT RULES (PARAGRAPH 3(A))

FNC's disclosures have been or will be provided in accordance with the deadlines set forth in the Patent Rules for the Eastern District of Texas, in the Court's Orders, and/or as agreed by the parties.

## IX. PRODUCTION OR INSPECTION OF DOCUMENTS, ESI AND THINGS (PARAGRAPH 3(B))

FNC has produced or will produce or make available for inspection at the offices of its counsel, Milbank LLP, 55 Hudson Yards, New York, NY 10001, documents, electronically stored information, and tangible things in its possession, custody or control that are relevant to the claims and defenses in this lawsuit in accordance with the Patent Rules for the Eastern District of Texas, the Court's Orders, and/or as agreed by the parties. Other relevant documents and things are likely in the possession of Capella or non-parties.

FNC reserves the right to identify and produce additional documents, electronically stored information, and tangible things throughout discovery.

## X. STATEMENT ON DAMAGES CLAIMED (PARAGRAPH 3(C))

Under 35 U.S.C. § 285, FNC seeks an award of its reasonable attorneys' fees. FNC reserves the right to seek just and proper relief including but not limited to an award of attorneys' fees, costs and disbursements that is unknown at this time.

Dated: August 10, 2020	Respectfully submitted,

By: */s/ Nathaniel T. Browand*
Christopher J. Gaspar
cgaspar@milbank.com
Nathaniel T. Browand
nbrowand@milbank.com
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000

Melissa Smith
State Bar No. 24001351
GILLAM & SMITH LLP
303 S. Washington Avenue
Marshall, Texas 75702
Telephone: (903) 934-8450
melissa@gillamsmithlaw.com

*Attorneys for Defendant*
*Fujitsu Network Communications, Inc.*

9

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document Fujitsu Network Communications, Inc.'s Initial and Additional Disclosures was served on all counsel of record who have consented to electronic service on this August 10, 2020.

By: */s/ Nathaniel T. Browand*
Nathaniel T. Browand