**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CAPELLA PHOTONICS, INC., | Case No. 2:20-cv-00076-JRG |
| Plaintiff, | |
| | FILED UNDER SEAL |
| v. | JURY TRIAL DEMANDED |
| FUJITSU NETWORK COMMUNICATIONS, INC., | |
| Defendant. | |

**PLAINTIFF CAPELLA PHOTONICS, INC. OPPOSITION TO**
**DEFENDANT FUJITSU NETWORK COMMUNICATIONS, INC.'S**
**MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................... 1

II.    FACTUAL BACKGROUND ........................................................................... 1

    A.    Plaintiff and the Asserted Patents ..................................................... 1

    B.    The Prior Actions on the Original Patents ........................................ 2

    C.    The New Actions Filed by Capella on the Reissue Patents ............... 3

III.    DISCUSSION ................................................................................................. 5

    A.    The Applicable Legal Standard ........................................................ 5

    B.    Fujitsu Has Not Satisfied Its Burden To Establish That The NDCA Is Clearly More Convenient ................................................................. 6

        1.    The Private Factors Do Not Warrant Transfer .......................... 6

            a)    The Relative Ease of Access to Sources of Proof Does Not Favor Transfer ................................................................ 6

            b)    The Availability of Compulsory Process to Secure the Attendance of Witnesses Does Not Favor Transfer ............ 8

            c)    The Cost of Attendance for Willing Witnesses Does Not Favor Transfer .............................................................. 10

            d)    There Are No Other Practical Problems That Make Trial of the Case in the NDCA More Convenient ..................... 11

        2.    The Public Factors Do Not Warrant Transfer ......................... 12

            a)    Administrative Difficulties Weigh Against Transfer .................. 12

            b)    The Local Interests in Having Localized Interests Decided at Home Does Not Favor Transfer ................................ 13

            c)    Judicial Economy Will Be Served Because there is a Co-pending Case Involving the Same Patents ................................ 14

            d)    There Are No Conflict of Laws Issues ....................... 15

IV.    CONCLUSION ............................................................................................ 15

# TABLE OF AUTHORITIES

**Page**

## CASES

*Capella Photonics, Inc. v. Cisco Sys., Inc.*,
No. 3:14-cv-03348-EMC (N.D. Cal. Mar. 6, 2015) ...................................................3

*Capella Photonics, Inc. v. Tellabs, Inc., et al.*,
No. 0:14- cv-60350-PAS (S.D. Fla. July 23, 2015)...................................................2, 3

*Cisco Sys. Inc. v. Capella Photonics, Inc.*,
No. 3:20-cv-01858-EMC (N.D. Cal. Oct. 10, 2020) ...................................................4

*Cooper v. Farmers New Century Ins. Co.*,
593 F. Supp. 2d 14 (D.D.C. 2008) ...................................................6

*Diem LLC v. BigCommerce, Inc.*,
No. 6:17- cv-186, 2017 WL 6729907 (E.D. Tex. Dec. 28, 2017) ...........................................7

*Duha v. Agrium, Inc.*,
448 F.3d 867 (6th Cir. 2006) ...................................................6

*Frederick v. Advanced Fin. Sols., Inc.*,
558 F. Supp. 699 (E.D. Tex. 2007) ...................................................10

*In re Acer Am. Corp.*,
626 F.3d 1252 (Fed. Cir. 2010)...................................................13

*In re: Apple Inc.*,
__ F.3d __, 2020 WL 6554063 (Fed. Cir. Nov. 9, 2020) ...................................................12, 13

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009)...................................................7, 12

*In re Volkswagen AG*,
371 F.3d 201 (5th Cir. 2004) (per curiam)...................................................5

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) ...................................................5, 6, 8, 9

*Intellectual Ventures I LLC v. T-Mobile USA Inc.*,
No. 2:17-cv-577-JRG, No. 2:17-CV-00577-JRG, 2018 WL 4175934...................................................9

*Invitrogen Corp. v. Gen. Elec. Co.*,
No. 6:08–CV–112, 2009 WL 331891 (E.D. Tex. Feb. 9, 2009)...................................................14

*Lake Cherokee Hard Drive Techs., LLC v. Bass Computers, Inc.*,
No. 2:10–cv–216–JRG, 2012 WL 462956 (E.D. Tex. Feb. 13, 2012) (Gilstrap, J.)...............10

*Luminati Networks, Ltd. v. BIScience Inc.*,
No. 2:18-CV-00483-JRG, 2019 WL 2084426 (E.D. Tex. May 13, 2019) (Gilstrap, J.).........11

*Neil Bros. Ltd. v. World Wide Lines, Inc.*,
425 F. Supp. 2d 325 (E.D.N.Y. 2006) ...................................................7

## TABLE OF AUTHORITIES
(continued)

**Page**

*Sleepy Lagoon, Ltd. v. Tower Grp., Inc.*,
  809 F. Supp. 2d 1300 (N.D. Okla. 2011)........................................................6

*St. Lawrence Comms. LLC v. Apple Inc.*,
  No. 2:16-cv-82-JRG, 2017 WL 3712153 (E.D. Tex. Feb. 6, 2017) (Gilstrap, J.) .................10

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  137 S. Ct. 1514 (2017)........................................................................2

## STATUTES

28 U.S.C. § 1404(a) ...........................................................................5, 9

35 U.S.C. § 251 ...................................................................................3

## OTHER AUTHORITIES

U.S. Patent No. 6,625,346..........................................................................2

U.S. Patent No. 6,879,750..........................................................................2

U.S. Patent No. RE42,368 .......................................................................2, 3

U.S. Patent No. RE42,678 .......................................................................2, 4

U.S. Patent No. RE47,905 .........................................................................3

U.S. Patent No. RE47,906 .........................................................................4

## I.    INTRODUCTION

Fujitsu's motion to transfer to NDCA should be denied. First, Fujitsu brings this motion after more than five months of litigation but only one week after a court in the Northern District of California ("NDCA") issued an Order concerning the recovery of damages in that particular case. Although Capella respectfully disagrees with that Order and has filed two separate challenges to the Court's decision, Fujitsu is now simply forum shopping to take advantage of a perceived friendlier forum. This alone is basis to deny the motion.

Fujitsu also has wholly failed to satisfy its significant burden to show that the NDCA is clearly more convenient than this District. It is not, and Fujitsu cannot hide from the fact that it is headquartered in and is one of the largest employers in this District. Indeed, Fujitsu admits that it ███████████████████████████████████████████████████ ████████████████████████████████████ and can show no meaningful connection between this dispute and California. And although the primary basis for the requested transfer is witness location (that is, Capella's witnesses), the reality is that witnesses ███████ ████████████████████████████████████ In short, there is simply no basis for a local defendant like Fujitsu not to stand trial in its home venue.

Because Fujitsu fails to establish that the NDCA is clearly a more convenient forum, the motion should be denied.

## II.    FACTUAL BACKGROUND

### A.    Plaintiff and the Asserted Patents

Capella is a pioneer of breakthrough optical switching technologies for use in optical transmission networks. Capella's technologies include Dense Wavelength Division Multiplexing transport platforms that include reconfigurable optical add and drop multiplexers ("ROADMs"). Capella has been granted an extensive patent portfolio on its technologies.

1

Capella is the owner of U.S. Patent No. 6,879,750 (the "'750 patent"). (Compl. (Dkt. #1) ¶ 20.) The '750 patent was reissued to Capella on May 17, 2011 as Patent No. RE42,368 (the "'368 patent"). (*Id.*) Capella also is the owner of U.S. Patent No. 6,625,346 (the "'346 patent"). (*Id.*, ¶ 23) The '346 patent was reissued to Capella on November 14, 2006 as Patent No. RE39,397 and subsequently on September 6, 2011 as Patent No. RE42,678 (the "'678 patent"). (*Id.*) The '368 and '678 patents are referred to herein as the "Original Patents."

Capella accuses three Fujitsu products or platforms of infringement in this case: (1) FLASHWAVE 9500 Packet Optical Networking Platform; (2) FLASHWAVE 7500 optical transport system; and (3) 1Finity (collectively, the "Accused Products"). All of the Accused Products are modular DWDM add-drop optical transport platforms that use a flexible ROADM architecture.

## B.    The Prior Actions on the Original Patents

Though predecessors of the reissued patent at issue in this case were litigated in California, no substantive analysis of the patents took place in those cases. Specifically, in 2014, Capella sued Fujitsu and brought three other cases (against (1) Tellabs, Inc., Tellabs Operations, Inc. and Coriant (USA) Inc. (now consolidated under Infinera); (2) Ciena Corporation; and (3) Cisco Systems, Inc.) on the Original Patents in the Southern District of Florida. The four actions were consolidated and transferred to the NDCA in 2014. Capella opposed the motion to transfer based on the law then in effect (*see Capella Photonics, Inc. v. Tellabs, Inc., et al.*, No. 0:14- cv-60350-PAS (S.D. Fla. July 23, 2015) (Dkt. # 67)), and that transfer was granted before the Supreme Court's 2017 opinion in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017), which significantly narrowed venue in patent infringement cases. Further, although Fujitsu argues that the Florida court has already ruled on the convenience of California for these parties and claims (Mot. at p. 2), the Florida court merely held that NDCA was more

2

convenient than the Southern District of Florida, with no consideration of this District. (*See*

*Capella Photonics, Inc. v. Tellabs, Inc., et al.*, No. 0:14- cv-60350-PAS (S.D. Fla. July 23, 2015)

(Dkt. # 76).)

In March 2015, shortly after the transfer, the NDCA stayed the cases pending IPRs. (*See*

*Capella Photonics, Inc. v. Cisco Sys., Inc.*, No. 3:14-cv-03348-EMC (N.D. Cal. Mar. 6, 2015)

(Dkt. # 172).) The court noted that because it had limited the scope of discovery and delayed

claim construction, "very little substantive work has been done in this case." (*Id*. at p. 3:3-7.)

Prior to staying the case, the NDCA's most significant involvement with the case was non-

substantive in nature: ruling on a motion to dismiss regarding the sufficiency of the inequitable

conduct allegations. (*Id*. (Dkt. # 146).) No claim construction briefs were submitted and no

*Markman* hearing was held before the stay. Then, as a result of the actions of the PTAB, no

substantive activity took place in the NDCA after the stay.

In 2016, the PTAB found all of the challenged claims in the Original Patents to be

unpatentable. The Federal Circuit affirmed the PTAB's decision in 2018. In the interim, Capella

filed with the PTO applications pursuant to 35 U.S.C. § 251 to reissue both of the Original

Patents. Based on the PTAB's invalidation of the asserted claims in the Original Patents, the

NDCA lifted the stay, but its post-stay involvement with the case was limited to the procedural

decision as to whether to allow amendment of the infringement contentions, and the form of the

dismissal and any fees or costs. The court ultimately dismissed the actions as moot and without

prejudice pending reissuance of the Original Patents. (*See Capella Photonics, Inc. v. Cisco Sys.*

*Inc.*, No. 3:14-cv-03348-EMC (N.D. Cal. Sept. 6, 2019) (Dkt. # 226 at p. 6:9-16).)

C.      **The New Actions Filed by Capella on the Reissue Patents**

After the NDCA dismissed the consolidated actions, the PTO reissued the '368 patent to

Capella with amended claims on March 17, 2020 as U.S. Patent No. RE47,905 (the "'905

3

patent"). (Complaint (Dkt. #1), ¶ 20.) The PTO also reissued the '678 patent to Capella with

amended claims on March 17, 2020 as U.S. Patent No. RE47,906 (the "'906 patent"). (*Id*., ¶ 23.)

The '905 and '906 patents are collectively referred to as the "Asserted Patents." Like the

Original Patents, the Asserted Patents cover ROADM technology used in optical switching

networks or platforms. No court has construed the original or amended claims.

       The same day that the Asserted Patents reissued, Capella filed this action against Fujitsu

and two other actions for infringement of the Asserted Patents: (1) an action against Infinera in

this Court: E.D. Tex. Case No. 20-cv-00077-JRG; and (2) an action against Ciena Corporation in

the Maryland District Court: D. Md. Case No. 20-cv-00702-GLR. Capella also was sued by

Cisco for a declaratory judgment of non-infringement of the Asserted Patents in the NDCA: N.D.

Cal. Case No. 3:20-cv-01858-EMC. On August 21, 2020, the NDCA court issued an order

concerning the recovery of damages in that particular case. Because Capella contends that the

order is erroneous on both legal and factual grounds, Capella has filed separate motions with the

NDCA for relief from the Order under Rule 60(b) and to certify the Order for interlocutory

review. (*See Cisco Sys. Inc. v. Capella Photonics, Inc.*, No. 3:20-cv-01858-EMC (N.D. Cal. Oct.

10, 2020) (Dkt. # 53 and 58).) Capella also seeks a stay of the NDCA action pending review. (*Id*.

at Dkt. # 53 at 2:12-14 of 30.)

       Currently, the Court has scheduled the *Markman* hearing in this case for January 22,

2021, and trial is set to begin in August 2021. Now, five months into this case, Fujitsu brings this

motion—*one week* after the NDCA court ruled against Capella. Fujitsu hopes to take advantage

of that order rather than having this dispute decided in its home venue. Although Fujitsu's

motion states that the NDCA gained "extensive familiarity" with the substance of the technology

and the patents because it held six hearings over a six-year period (Mot. at p. 9), only one of

4

those hearings was substantive. The rest were generally status conferences and a hearing to determine the terms on which the case would be dismissed.

## III.    DISCUSSION

### A.    The Applicable Legal Standard

The transfer analysis under section 28 U.S.C. § 1404(a) involves a two-step inquiry. First, the Court determines "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam) (hereinafter "*Volkswagen I*"). Next, the Court weighs a number of nonexclusive factors. *See Volkswagen I*, 371 F.3d at 203. The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id*. The public factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id*.

While a plaintiff's choice of venue is not an express factor in the § 1404 transfer analysis, the appropriate deference afforded to the plaintiff's choice is reflected by the defendant's elevated burden of proof. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). In order to support its claim for a transfer under § 1404(a), the moving defendant must demonstrate that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *Id*. Absent such a showing, however, the plaintiff's choice is to be respected. *Id*.

Additionally, when deciding a motion to transfer venue under § 1404(a), the court may

consider undisputed facts outside of the pleadings such as affidavits or declarations, but it must

draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party. *See*

*Sleepy Lagoon, Ltd. v. Tower Grp., Inc.*, 809 F. Supp. 2d 1300, 1306 (N.D. Okla. 2011); *see also*

*Cooper v. Farmers New Century Ins. Co.*, 593 F. Supp. 2d 14, 18-19 (D.D.C. 2008).

    **B.**    **Fujitsu Has Not Satisfied Its Burden To Establish That The NDCA Is Clearly More Convenient.**

       Fujitsu is headquartered in Richardson, Texas, making trial in this District inherently

convenient for it. Rather than address the elephant in the room, Fujitsu's motion focuses solely

on Capella's California presence, Capella's witnesses, and Capella's convenience. Indeed,

Fujitsu has been headquartered in Richardson, Texas for over twenty years and is one of the

city's major employers, ████████████████████ (*See* concurrently filed Declaration of

Christopher L. Wanger filed in support of this Opposition ("Wanger Decl.") at Exh. 1 at pp.

43:18-44:3; 38:8-17; Exh. 2; Exh. 3; Exh. 4 at pp. 5-6.) Given this significant presence within the

District, ██████████████████████████████████████████████████████

Fujitsu is unable to carry a single factor under the *Volkswagon* analysis, and the motion should

be denied.

      **1.**    **The Private Factors Do Not Warrant Transfer.**

          **a)**    **The Relative Ease of Access to Sources of Proof Does Not Favor Transfer.**

       For this factor, Fujitsu focuses on the location of witnesses—specifically, Capella's

witnesses—but this factor actually looks at where documents and physical evidence are stored,

not where witnesses reside. *Volkswagen II*, 545 F.3d at 316; *Duha v. Agrium, Inc.*, 448 F.3d 867,

876 (6th Cir. 2006) ("Access to non-witness sources of proof, including documents in particular,

is properly considered as part of the ease-of-access factor."). For this factor to weigh in favor of

transfer, Fujitsu must show that transfer to the NDCA will result in more convenient access to

sources of proof. *See Diem LLC v. BigCommerce, Inc.*, No. 6:17- cv-186, 2017 WL 6729907, at *2 (E.D. Tex. Dec. 28, 2017). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F.Supp.2d 325, 330 (E.D.N.Y. 2006)).

But Fujitsu concedes that ███████████████████████████ (Mot. at p. 8; Wanger Decl., Exh. 4 at p. 9), and is tellingly silent throughout its motion regarding its substantial presence within the District. Fujitsu's representative, Francois Moore, who is himself based in Richardson (Wanger Decl., Exh. 1 at p. 38:8-9) testified on behalf of the company in connection with the issues raised by this motion and confirmed Fujitsu's substantial presence and activities in the District. Mr. Moore confirmed that ███████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████

---

[1] Fujitsu suggests in its motion that it shares an office with Fujitsu America in Sunnyvale. (Mot. at p. 7.) But Fujitsu's website reflects no such address in Sunnyvale. (Wanger Decl. Exh. 5.) In contrast, Fujitsu America's website lists addresses for it in Sunnyvale and Richardson. (Wanger Decl. Exh. 6.)



████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████ Significantly, Fujitsu submits no evidence to

establish that the persons at their suppliers with knowledge of the actual design and development

of the WSS components are based either outside of Texas or in California. Additionally, one of

the attorneys who prosecuted the patents-at-issue resides in Kingwood, Texas. (Wanger Decl., ¶

18.) Thus, there are numerous third-party witnesses outside of California.

    Fujitsu also contends that "[l]itigating in this District will prevent FNC from subpoenaing

these witnesses to testify at trial," but that has not stopped Infinera from recently subpoenaing

████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████ *See*

*Volkswagen II*, 545 F.3d at 317 (holding that, under the Fifth Circuit's 100-mile rule, "[w]hen

the distance between an existing venue for trial of a matter and a proposed venue under §

1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct

relationship to the additional distance to be traveled").

    Because Fujitsu has not identified any third-party witness who would be unwilling or

unavailable to testify at trial, they fail to establish that this factor favors transfer. *See Intellectual

Ventures I LLC v. T-Mobile USA Inc.*, No. 2:17-cv-577-JRG, No. 2:17-CV-00577-JRG, 2018

WL 4175934, at *4 & n.4 ("The Court is of the opinion that a factor which does not reach any

witnesses identified by either party is properly considered to be neutral and does not weigh in the

transfer analysis," and noting "that neutral factors cut against transfer" "is implicit in the overall evaluation of the factors").

**c)      The Cost of Attendance for Willing Witnesses Does Not Favor Transfer.**

The third private interest factor focuses on the cost of attendance for willing witnesses. Again, Fujitsu focuses solely on the convenience of Capella's witnesses, not its own. (Mot. at pp. 8-9.) But Capella's decision to bring this case in this District is entitled to deference, and it is not for Fujitsu to dictate Capella's preferences. *See Lake Cherokee Hard Drive Techs., LLC v. Bass Computers, Inc.*, No. 2:10–cv–216–JRG, 2012 WL 462956, at *5 (E.D. Tex. Feb. 13, 2012) (Gilstrap, J.). Further, the convenience of party witnesses is given little weight. *See, e.g., Frederick v. Advanced Fin. Sols., Inc.*, 558 F. Supp. 699, 704 (E.D. Tex. 2007). To the extent that Fujitsu seeks to call any of its employees as witnesses, they are party witnesses and their personal convenience is trumped by the decisions of their employer. *St. Lawrence Comms. LLC v. Apple Inc.*, No. 2:16-cv-82-JRG, 2017 WL 3712153, at *4 (E.D. Tex. Feb. 6, 2017) (Gilstrap, J.).

Indeed, none of Fujitsu's party witnesses are located within California. In its Amended Initial Disclosure, Fujitsu only identified two of its employees—Senior Director Rich Colter and Mr. Moore—as potential witnesses. (*See* Wanger Decl., Exh. 15 at p. 5.) ███████████████

████████████████████████████████████████████████████████

██████████████████████ (Wanger Decl., Exh. 1 at pp. 48:4-7; 11:1-3; 38:8-9.) In addition to these two witnesses, Fujitsu identified in its interrogatory responses one other employee with substantive knowledge of the Accused Products: ████████████████████████████

████████████ (Wanger Decl., Exh. 4 at pp. 9-11.) █ At deposition, Mr. Moore testified that the

---

█ ████████████████████████████████████████████████████████

10

individual with overall responsibility for the manufacture of FLASHWAVE 9500 Packet Optical

Networking Platform,  Fujitsu has yet to identify a single employee residing

in California it will call as a witness. (*See* Wanger Decl., Exh. 15 at pp. 4-6.) That is not

surprising since, again, Fujitsu is based in this District.

Thus, Mr. Moore confirmed that Fujitsu simply

can't argue that transferring the case to NDCA, more than 1,000 miles away, would be more

convenient for its witnesses. Thus, this factor weighs heavily against transfer.

> **d)    There Are No Other Practical Problems That Make Trial of the Case in the NDCA More Convenient**

The only practical problem raised by Fujitsu is that the cost to litigate in this District

would be too high *for Capella*, <u>not</u> for Fujitsu. (Mot. at p. 9.) Again, like the cost of willing

witnesses, Fujitsu brings this motion for the convenience of its party opponent, who made the

decision to bring this case here, not for itself. At bottom, there are no practical problems that

make NDCA more convenient, and this factor is neutral at best.

---

[3] Foreign witnesses are discounted for the purpose of transfer analysis because they will be inconvenienced with international travel regardless of whether this case is transferred. *Luminati Networks, Ltd. v. BIScience Inc.*, No. 2:18-CV-00483-JRG, 2019 WL 2084426, at *8 (E.D. Tex. May 13, 2019) (Gilstrap, J.).

2.      **The Public Factors Do Not Warrant Transfer.**

a)      **Administrative Difficulties Weigh Against Transfer.**

Fujitsu asserts that there are no administrative difficulties in either venue and this factor
is neutral, despite the clear congestion in NDCA that will assuredly delay this case. *In re
Genentech*, 566 F.3d at 1347 ("To the extent that court congestion is relevant, the speed with
which a case can come to trial and be resolved may be a factor."). The most recent time-to-trial
statistics from the U.S. Government reveal that each judge in the NDCA has an average total
caseload of 715 cases and the median time from filing to trial for civil cases is 29.3 months.[4] In
contrast, each judge in this District has an average total caseload of 528 cases and the median
time from filing to trial for civil cases is 17.7 months. *Id*. Significantly, unlike this Court, the
NDCA has yet to set a trial date in the Cisco action even though that case was filed before this
one. (Wanger Decl., ¶ 2.) Indeed, this Court is now conducting jury trials after the COVID-19
pandemic, while NDCA is not conducting any jury trials. The potential backlog of cases awaiting
trial in the NDCA suggests trial settings there may be years away. Because this Court has a
significantly lower caseload and the parties can expect a trial here at least a year before they will
get one in the NDCA, this factor weighs against transfer.

Recently, in *In re: Apple Inc.*, __ F.3d __, 2020 WL 6554063 (Fed. Cir. Nov. 9, 2020),
the Federal Circuit granted a writ of mandamus to transfer a case from the Western District of
Texas to NDCA where the district court denied the motion to transfer, but that case is entirely
inapplicable here. First and foremost, this case is entirely distinguishable on the sole basis that
the defendant there was seeking to bring the case to its home venue, *not avoid it*. *Id*. at *1.
Second, and as relevant to this factor, the Federal Circuit found that the Western District's time
to trial was nearly identical to NDCA's (whereas it is much quicker here), and that there were

---

[4] *See* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2020.pdf.

"numerous cases [in NDCA] involving some overlapping issues." (*Id*. at *8). In contrast, there is

only one NDCA case with some overlap here and in that case, there is no trial date set and the

case is the subject of a pending stay request. Moreover, Capella has another action pending on

the same patents in this Court as well as one in Maryland. Because of these distinctions, the

decision in *In re: Apple Inc.* is inapplicable to this factor.

> **b)** **The Local Interests in Having Localized Interests Decided at Home Does Not Favor Transfer.**

Fujitsu has its principal place of business in Richardson, Texas, ████████████████

███████████████████████████████████████████████████████████

████ giving this District a strong interest in adjudicating the present claims. The Federal Circuit

has made clear that an accused infringer's presence in a district is relevant to the district's local

interest in resolving the case. *In re Acer Am. Corp.*, 626 F.3d 1252, 1255–56 (Fed. Cir. 2010)

("[I]f there are significant connections between a particular venue and the events that gave rise to

a suit, this factor should be weighed in that venue's favor."). As the Federal Circuit noted in *In*

*re: Apple Inc.*, the focus of this factor is not on "general contacts with the forum that are

untethered to the lawsuit" but rather on the "'significant connections between a particular venue

and *the events that gave rise to a suit*.'" *In re: Apple Inc.,* 2020 WL 6554063, at *9 (emphasis

added in original) (quoting *Acer*, 626 F.3d at 1256). There, the court held that this factor weighed

in favor of transfer because "the accused products were designed, developed, and tested" in the

transferee district. *In re: Apple Inc.,* 2020 WL 6554063, at *9.

At bottom, this case is about a local defendant's misconduct—misconduct that occurred

by ███████████████████████████████████████████████████████

████████████████—and has properly been brought in the defendant's home venue. Given the

strong local interest in deciding this local dispute in this District, this factor weighs heavily

against transfer.

### c) Judicial Economy Will Be Served Because there is a Co-pending Case Involving the Same Patents.

This District is perhaps the preeminent forum for patent infringement cases as a result of the Court's substantial expertise in patent law. Nevertheless, Fujitsu suggests that transfer is warranted because the Hon. Edward Chen in the NDCA, has "extensive familiarity with the technology" and is presiding over Capella's case against Cisco. (Mot. at p. 9.) Fujitsu's reliance on *Invitrogen* here is misplaced. In that case, transfer was warranted from this district to a Maryland court "intimately familiar" with the technology and claims because they had been "litigated over a period of nearly 11 years" which "resulted in claim construction, summary judgment of indefiniteness of certain claim terms, two appeals to the Federal Circuit, and ultimately a jury trial and verdict of validity and infringement of certain claims*." Invitrogen Corp. v. Gen. Elec. Co.*, No. 6:08–CV–112, 2009 WL 331891, at *1 (E.D. Tex. Feb. 9, 2009).

Rather than intimate familiarity with the patents and technology culminating in a jury trial and verdict, the NDCA has not developed any extensive familiarity with the products, patents, or issues that may be raised in the present action, and the court's experience in the Cisco case is limited to the motion on damages. Capella acknowledges that Judge Chen is fully capable of applying federal patent law to these infringement claims, but the argument that Judge Chen has familiarity with the technology does not withstand scrutiny. Although Judge Chen recently issued an order on intervening rights, his analysis did not construe the patent claims. Similarly, in the prior action on the Original Patents, Judge Chen never had occasion to construe the patents or to familiarize himself with the technology as a result of the stay he imposed early in the case. Thus, Judge Chen's experience in the Cisco case does not outweigh this Court's patent infringement experience and expertise it will gain through the claim construction in this case and

in the Infinera matter. This factor weighs against transfer.

### d) There Are No Conflict of Laws Issues.

Fujitsu does not suggest that this case raises any conflict of law issues. Thus, this factor is neutral and does not favor transfer.

## IV. CONCLUSION

For the foregoing reasons, the motion should be denied.

Dated:  November 12, 2020

By: /s/ *Robert D. Becker*
Charles Everingham IV (TX SBN 00787447)
Email: *ce@wsfirm.com*
T. John Ward (TX SBN 20848000)
Email: *tjw@wsfirm.com*
Claire Abernathy Henry (TX SBN 24053063)
Email: *claire@wsfirm.com*
Andrea Fair (TX SBN 24078488)
Email: *andrea@wsfirm.com*
WARD, SMITH & HILL, PLLC
P.O. Box 1231
Longview, TX 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Robert D. Becker (Cal. Bar 160648)
Email: *rbecker@manatt.com*
Christopher L. Wanger (Cal. Bar 164751)
Email: *cwanger@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
1 Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

*Attorneys for Plaintiff,*
*CAPELLA PHOTONICS, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service on the 12th day of November, 2020.

Dated:  November 12, 2020                    */s/ Robert D. Becker*
                                                            Robert D. Becker

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

This is to certify that on August 12, 2020 this Court entered a Protective Order (Dkt. No. 30) which authorizes filing the attached documents under seal.

                                                            */s/ Robert D. Becker*
                                                            Robert D. Becker

327065959.1

16