IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CAPELLA PHOTONICS, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>FUJITSU NETWORK COMMUNICATIONS, INC.,<br><br>    Defendant. | Civ. No. 2:20-cv-00076<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT FUJITSU NETWORK COMMUNICATIONS, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE
<u>PURSUANT TO 28 U.S.C. § 1404(a)</u>**

## **TABLE OF CONTENTS**

**Page**

I.  THE PRIVATE INTEREST FACTORS STRONGLY FAVOR TRANSFER.................. 1

II. THE PUBLIC INTEREST FACTORS STRONGLY FAVOR TRANSFER .................... 4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adaptix, Inc. v. HTC Corp.*,
   937 F. Supp. 2d 867 (E.D. Tex. 2013).................................................................................1

*In re Adobe Inc.*,
   823 F. App'x 929 (Fed. Cir. 2020) .......................................................................................5

*In re Apple*,
   No. 2020-135, 2020 WL 6554063 (Fed. Cir. Nov. 9, 2020) ............................................3, 5

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009)........................................................................................2, 5

*In re Hoffmann-La Roche Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009)............................................................................................2

*In re HP Inc.*,
   826 F. App'x 899 (Fed. Cir. 2020) .......................................................................................2

*Intellectual Ventures I LLC v. T-Mobile USA Inc.*,
   No. 2:17-cv-577-JRG, 2018 WL 4175934 (E.D. Tex. June 29, 2018) .................................1

*In re Morgan Stanley*,
   417 F. App'x 947 (Fed. Cir. 2011) .......................................................................................5

*In re Nintendo Co.*,
   589 F.3d 1194 (Fed. Cir. 2009)............................................................................................3

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008).......................................................................................3, 5

This case should have been brought in NDCA and should go forward in that district with the other pending cases brought by Cisco and Finisar in NDCA involving the same patents. After handling Capella's prior cases involving predecessors to the patents-in-suit for the last six years, Judge Chen in NDCA has already ruled on a substantive issue that is common to this case: the unavailability of pre-reissue damages. Judicial economy heavily favors transfer, as do the other § 1404 factors because the vast majority of witnesses and evidence is located in NDCA.

## I. THE PRIVATE INTEREST FACTORS STRONGLY FAVOR TRANSFER

*Compulsory process*. Capella does not dispute that five of its former officers, Harvey Trop, Rafael Torres, George Berberis, Larry Schwerin, and Bruce Gray, reside in NDCA but seeks to dismiss this fact by claiming that they ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Dkt. No. 48 at 8. Capella's assertion should not be credited because it has ▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Ex. 5.[1] Indeed, Capella's former executives likely have factual knowledge relevant to, *e.g.*, damages, as FNC identified, and witnesses such as this are routinely part of the transfer analysis. *See, e.g.*, *Adaptix, Inc. v. HTC Corp.*, 937 F. Supp. 2d 867, 874 (E.D. Tex. 2013).

Capella also does not dispute that all three inventors of the Asserted Patents are located in NDCA. *Cf.* Dkt. No. 48 at 8. Thus, Capella's citation to *Intellectual Ventures I LLC v. T-Mobile USA Inc.*, No. 2:17-cv-577-JRG, 2018 WL 4175934, at *4 (E.D. Tex. June 29, 2018) is misplaced because there, unlike here, neither party identified non-party witnesses in the transferee forum.

Capella also seeks to discount that two of FNC's three WSS suppliers are located in NDCA because "there is no evidence to establish that the persons as their suppliers with knowledge of the actual design and development of the WSS components" are in California. Dkt. No. 48 at 9. But

---

[1] References to Ex. _ refer to exhibits to the Second Declaration of Nathaniel T. Browand filed herewith.

FNC need not identify specific "persons at their suppliers" with relevant knowledge, because "only the transferee venue can compel those companies to provide documentary evidence and trial and deposition testimony without requiring any travel." *In re HP Inc.*, 826 F. App'x 899, 902 (Fed. Cir. 2020) (citing *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009)). Thus, Capella's analysis is contrary to law and Lumentum's and Finisar's presence in NDCA weighs in favor of transfer. *Id.* ("There was thus no basis to discount these entities just because individual employees were not identified.").

Capella itself has only come forward with *one* non-party witness in Texas and *none* located in EDTX with potentially relevant information. *Cf.* Dkt. No. 48 at 9. Because nearly all third-party witnesses are in NDCA and Capella identified no third-party witnesses in EDTX, despite taking venue discovery, this factor weighs heavily in favor of transfer. *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).

*Cost for willing witnesses.* Capella's contention that "none of Fujitsu's party witnesses are located within California" is false. *Cf.* Dkt. No. 48 at 10. FNC's amended interrogatory responses state that ▮▮▮▮▮▮▮▮▮▮ Ex. 2 at 11. FNC's representative Francois Moore confirmed not only that ▮▮▮▮▮▮ but made clear in follow up questioning by Capella's counsel that ▮▮▮▮▮▮. Ex. 1 at 79:5-23, 80:22-81:4. Thus, Capella's counsel fully appreciated these facts during the deposition but decided to overlook them and instead cites outdated information to the Court. *Cf.* Dkt. No. 48 at 10.

And Capella ignores that its own witnesses in its initial disclosures are in California, including Mr. Lucas and Mr. Reale. *See* Dkt. No. 31, Ex. 24. FNC has not identified (and does not currently intend to call) ▮▮▮▮▮▮▮▮

2

mentioned by Capella. *Cf*. Dkt. No. 48 at 10-11. In short, Capella identifies only a single party witness in Texas (Mr. Moore) but multiple relevant witnesses reside in the transferee forum. Thus, it would be clearly erroneous not to weigh this factor strongly in favor of transfer. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008); *In re Nintendo Co.*, 589 F.3d 1194, 1198-99 (Fed. Cir. 2009).

*Ease of access to sources of proof.* FNC demonstrated that the vast majority of relevant documentary evidence lies in NDCA. Dkt. No. 31 at 7-8. Capella does not rebut FNC's assertion that (1) technical, design, development, and sales documents related to the WSS components are located at Lumentum and Finisar in NDCA and (2) Capella's documents are located at its headquarters in NDCA.



Capella's suggestion that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ is erroneous. *Cf*. Dkt. No. 48 at 7. Mr. Moore testified that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆, neither of which are relevant components to the claims or defenses in this lawsuit. Ex. 1 at 29:12-24. Capella does not dispute that the heart of the infringement allegations depends on the WSS components in NDCA, not ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. FNC's development of ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.[2] *See In re Apple*, No. 2020-135, 2020 WL 6554063, at *5 (Fed. Cir. Nov. 9, 2020) ("[T]he movant need not show that all relevant documents are located in the transferee venue to support a conclusion that the location of relevant documents favors transfer. Nor is this factor neutral merely because some sources of proof can be

---

[2] Capella is mistaken in questioning whether FNC has an office in Sunnyvale, CA simply because its "website reflects no such address." *Cf*. Dkt. No. 48 at 7 n.1. Mr. Moore testified that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Ex. 1 at 48:12-16.

identified in the district."). Thus, this factor weighs in favor of transfer.

*Practical problems*. Capella has no response to FNC's argument—and the prior SDFL court's decision—that keeping the Capella cases together in the same court is more efficient. *See* Dkt. No. 31, Ex. 6 at 12.  Instead, Capella argues that this factor "is neutral at best" but Capella fails to acknowledge that FNC's WSS vendor Finisar has filed a DJ action in NDCA on these same patents, Ex. 3, and the other defendants (Ciena in Maryland and Infinera in this Court) have already moved to transfer venue to NDCA.  Ex. 4; *Capella v. Infinera Corp.*, No. 20-00077, Dkt. No. 39. Thus, this factor strongly favors transfer.

## II.   THE PUBLIC INTEREST FACTORS STRONGLY FAVOR TRANSFER

*Judicial economy*.  Keeping this case in EDTX will only frustrate judicial economy because Judge Chen has knowledge and familiarity with the issues in this case.  Capella pays only lip service to Judge Chen's substantive ruling on the merits in Cisco's case. *See* Dkt. No. 48 at 14. In that order, he held that Capella cannot obtain pre-reissue damages against Cisco—the identical issue that FNC has pleaded in this case.  *See* Dkt. No. 31, Ex. 29; Dkt. No. 14 at 14-17.  His order required analysis of the scope of the claims of the Asserted Patents and the forfeited Reissue Patents and their PTAB histories.  *See* Dkt. No. 31, Ex. 29.  And in previously ruling on Capella's motion to amend its infringement contentions, Judge Chen necessarily familiarized himself with the patented technology, the claim language, and the differences between the claims held invalid and those it sought to assert.  *See* Dkt. No. 31, Ex. 8.  Capella omits this familiarity and recasts this factor as one requiring a claim construction ruling, but there is no such requirement for judicial economy to be served.  Thus, this factor weighs heavily in favor of transfer.

*Local interests*.  Given the vast majority of witnesses in NDCA, including Capella, its executives, the inventors, and FNC's WSS suppliers, it is plainly apparent that NDCA has a strong local interest in this dispute.  Nevertheless, Capella asserts that this factor "weighs heavily against

4

transfer" due to FNC's Richardson facility where it markets and sells the Accused Products. Dkt. No. 48 at 13.³ But this assertion erroneously elevates form over substance. FNC sells its products nationally, *TS Tech*, 551 F.3d at 1321, and there is no dispute that ███████████████████████████████████████████████████████████████████████████████████████. Ex. 1 at 45:21-46:3, 47:22-48:11.

*Administrative Difficulties*. Capella emphasizes that "unlike this Court, the NDCA has yet to set a trial date in the Cisco action," Dkt. No. 48 at 12, but a "court's general ability to set a fast-paced schedule is not particularly relevant to this factor." *Apple*, 2020 WL 6554063, at *8 (quoting *In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020)).

Capella's contention that due to the pandemic the "potential backlog of cases awaiting trial in the NDCA suggest trial settings there may be years away" is complete conjecture. *Cf.* Dkt. No. 48 at 12. "Because this factor often calls for speculation, where 'several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors.'" *Apple*, 2020 WL 6554063, at *8 (quoting *Genentech*, 566 F.3d at 1347). Capella also cites statistics that the median time from filing to trial in all civil cases is longer in NDCA, Dkt. No. 48 at 12, but other statistics focused on patent cases show little difference in time to trial between the two districts, Ex. 6, and statistics are not "of particular significance" where the plaintiff is a non-practicing entity. *In re Morgan Stanley*, 417 F. App'x 947, 950 (Fed. Cir. 2011). Thus, as FNC's previously stated, this factor is neutral.

---

³ Capella's assertion that "there is only one NDCA case with some overlap here" is incorrect. *Cf.* 48 at 13. Both the Cisco and Finisar cases are currently pending in NDCA. *See* Ex. 3; Dkt. No. 31, Ex. 10.

5

Dated: November 19, 2020    Respectfully submitted,

By: */s/ Melissa R. Smith*
Christopher J. Gaspar
cgaspar@milbank.com
Nathaniel T. Browand
nbrowand@milbank.com
MILBANK LLP
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000

Melissa Smith
State Bar No. 24001351
GILLAM & SMITH LLP
303 S. Washington Avenue
Marshall, Texas 75702
Telephone: (903) 934-8450
melissa@gillamsmithlaw.com

***Attorneys for Defendant***
***Fujitsu Network Communications, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document Fujitsu Network Communications, Inc.'s Reply in Support of Its Motion to Transfer Venue was served on all counsel of record who have consented to electronic service on November 19, 2020.

                                                         */s/ Melissa R. Smith*
                                                         Melissa R. Smith

█████████████████████████████████

██████████████████████████████████████████

██████████████████████████ .

                                                         */s/ Melissa R. Smith*
                                                         Melissa R. Smith