IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CAPELLA PHOTONICS, INC.,<br><br>        Plaintiff<br><br>v.<br><br>FUJITSU NETWORK COMMUNICATIONS, INC.,<br><br>        Defendant. | Civ. No. 2:20-cv-00076<br><br>**JURY TRIAL DEMANDED**<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT FUJITSU NETWORK COMMUNICATIONS, INC.'S MOTION FOR
PARTIAL SUMMARY JUDGMENT OF NO WILLFULNESS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................**Error! Bookmark not defined.**
I.    INTRODUCTION ................................................................................................ 1
II.    ISSUE TO BE DECIDED BY THE COURT...................................................... 2
III.    STATEMENT OF UNDISPUTED MATERIAL FACTS ................................. 2
IV.    APPLICABLE LAW ........................................................................................... 4
V.    ARGUMENT – PLAINTIFF'S WILLFUL INFRINGMENT CLAIM FAILS ................. 5
VI.    CONCLUSION.................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bayer Healthcare LLC v. Baxalta Inc.*,
    989 F.3d 964 (Fed. Cir. 2021) ........................................................................... 1, 4

*Capella Photonics, Inc. v. Cisco Sys., Inc.*,
    139 S. Ct. 462 (2018) ............................................................................................. 1

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ............................................................................................ 4, 6

*Continental Circuits LLC v. Intel Corp.*,
    No. CV 16-2026, 2017 WL 679116 (D. Ariz. Feb. 21, 2017) ................................ 1

*Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*,
    No. 2:15-CV-1202-WCB, 2017 WL 2190055 (E.D. Tex. May 18, 2017) ........... 1, 5

*Greatbatch Ltd. v. AVX Corp.*,
    No. 13-723-LPS, 2016 WL 7217625 (D. Del. Dec. 13, 2016) ............................... 5

*Halo Elecs. Inc. v. Pulse Elecs. Inc.*,
    136 S. Ct. 1923 (2016) ............................................................................... 1, 4, 5, 6

*State Indus., Inc. v. A.O. Smith Corp.*,
    751 F.2d 1226 (Fed. Cir. 1985) ........................................................................... 5, 6

*Vehicle IP, LLC v. AT&T Mobility LLC*,
    227 F. Supp. 3d 319 (D. Del. 2016) ..................................................................... 1, 5

**Statutes**

35 U.S.C. § 284 ............................................................................................................ 2

35 U.S.C. § 285 ............................................................................................................ 2

**Other Authorities**

Fed. R. Civ. P. 56(a) ................................................................................................ 4, 6

I.      INTRODUCTION

Mere knowledge of an asserted patent, "and nothing more," is not enough to support willful infringement or enhanced damages.[1] The Federal Circuit has made clear, since *Halo*, that proof of knowledge and infringement are not enough to show willfulness:

> Knowledge of the asserted patent and evidence of infringement is necessary, ***but not sufficient***, for a finding of willfulness.  Rather, willfulness requires deliberate or intentional infringement.

*Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021) (emphasis added). Plaintiff's willfulness case is one of "knowledge of the patents and nothing more." No egregious infringing conduct has been identified, nor could be identified in view of the undisputed material facts.  Plaintiff's willful infringement case thus fails as a matter of law.

With regard to willfulness, the Complaint (Dkt. No. 1) alleges that FNC had knowledge of the asserted patent[2], without more, and does ***not*** allege egregious infringing conduct[3]:

---

[1] *Halo Elecs. Inc. v. Pulse Elecs. Inc.*, 136 S. Ct. 1923, 1936 (2016) (Breyer, J., concurring) (knowledge of the patent "and nothing more" does not necessitate enhanced damages); *Bayer*, 989 F.3d at 988 (granting JMOL and noting, "The evidence adduced at trial merely demonstrates Baxalta's knowledge of the '520 patent and Baxalta's direct infringement of the asserted claims."); *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 2190055, at *3 (E.D. Tex. May 18, 2017) ("a finding of willfulness is not required simply because the infringer know about the patent at issue"); *Continental Circuits LLC v. Intel Corp.*, No. CV 16-2026, 2017 WL 679116, at *11 (D. Ariz. Feb. 21, 2017) ("Under *Halo*, knowledge is a necessary condition of willfulness, but not a sufficient one."); *Vehicle IP, LLC v. AT&T Mobility LLC*, 227 F. Supp. 3d 319, 331 (D. Del. 2016) ("a party's pre-suit knowledge of a patent is not sufficient, by itself, to find 'willful misconduct' of the type that may warrant an award of enhanced damages").

[2] Although Plaintiff's Complaint asserts two patents, Plaintiff recently limited its infringement case to six claims of one patent and one accused product.

[3] Plaintiff's allegations omit mention that FNC's "post-grant proceedings" noted in Paragraph 29 of the Complaint invalidated *all* asserted claims of the predecessors to the reissued patents at issue in the present action.  Dkt. No. 14-12; *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 139 S. Ct. 462 (2018).

28. FNC's infringement began long ago and has continued willfully.

29. FNC has been on notice of infringement since at least 2014 when Capella filed suit for infringement of the '368 and '678 patents [i.e., parents of patents asserted here] against FNC in the U.S. District Court for the Southern District of Florida in an action entitled *Capella Photonics, Inc. v. Fujitsu Network Communications, Inc.* (Case No. 1:14-cv-20531-KMM). That action was consolidated with other actions and subsequently transferred to the Northern District of California, where it was assigned Case No. 14-cv-3351 EMC. In connection with its defense of that action, FNC has followed and participated in post-grant proceedings for the '368 and '678 patents since 2014 and its counsel reported to the court on those post-grant proceedings. Since December 2019, FNC has been on notice of the PTO's decision to reissue the '368 and '678 patents and the scope of the reissued claims. On information and belief, since February 2020, FNC has known about the March 17, 2020 issuance of the '905 and '906 patents and the scope of the reissued claims. …

64. FNC's manufacturing, sales, offers for sale, uses, or importation of the Infringing Products has been willful, and Capella is entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

Plaintiff not only failed to allege egregious misconduct, Plaintiff also failed to produce or obtain any evidence in discovery to support even its conclusory allegations reproduced above. With no evidence of conduct beyond typical alleged infringement and knowledge of the patent at issue, Plaintiff cannot prove willfulness and summary judgment should be granted.

## II. ISSUE TO BE DECIDED BY THE COURT

Whether there is no genuine issue of material fact that any alleged infringement by Defendant is not willful and thus cannot form the basis for any enhancement of alleged damages.

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. FNC introduced the FLASHWAVE® 9500 Packet Optical Networking Platform in 2007. Ex. A, Expert Report of Professor David Teece ¶ 31 & n.41[4].

---

[4] "Ex.__" refers to an exhibit to the Declaration of Nathaniel T. Browand, filed herewith.

2. More than a decade later, Plaintiff filed this action on March 17, 2020, alleging infringement of U.S. Patents Nos. RE 47,905 (the "'905 Patent) and RE 47,906 (collectively, the "Asserted Patents"). Dkt. No. 1, ¶¶ 1, 20, 23.

3. Each of the Asserted Patents issued on March 17, 2020 – the same date Plaintiff began the present civil action against FNC. Dkt. No. 1.

4. On March 15, 2021, Plaintiff narrowed the case to assert infringement of claims 23, 24, 29, 37, 44, and 45 of the '905 Patent by the FLASHWAVE® 9500 Packet Optical Networking Platform (the "Accused Product"). Ex. B, Expert Report of Dr. Wayne H. Knox, ¶ 2.

5. On March 15, 2021, Plaintiff provided the following response to FNC's Interrogatory No. 19 (interrogatory and response reproduced in full):

> **INTERROGATORY NO. 19:**
> Separately, for each Accused Product, identify and describe all facts and evidence supporting or otherwise relating to Capella's claim that any alleged infringement has been willful.
>
> **RESPONSE TO INTERROGATORY NO. 19:**
> Capella objects to Interrogatory No. 19 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Capella also objects to this interrogatory as vague and ambiguous. Capella also objects to this interrogatory as overly broad and unduly burdensome. Capella also objects to this interrogatory as containing improper multiple subparts. Capella also objects to this interrogatory to the extent it seeks the legal bases for its contentions.
>
> Subject to the forgoing objections, Capella responds that ***FNC has been aware*** since at least the filing of Capella's original action against it in 2014 of Capella's assertions that FNC's activities relating to the Accused Products infringe the original and Asserted Patents. Nevertheless, ***FNC continued to manufacture, market and sell*** the Accused Products. FNC willfully infringed after it had notice of Capella's patent rights, and FNC engaged in egregious misconduct beyond typical infringement. FNC did not exercise due care to determine whether or not it was infringing on the original or Asserted Patents. Capella's contention is based on, but not limited to, all pre-litigation correspondence between Capella and FNC regarding patent infringement of the Asserted Patents; all pleadings filed by the parties in this patent infringement action and prior actions between the parties; all facts and evidence at issue in this action; all petitions and submissions in the

> PTAB proceedings pertaining to the Asserted Patents and all facts and evidence at issue in the PTAB proceedings pertaining to the Asserted Patents and all ruling and decisions in the PTAB proceedings. Capella declines to separately list evidence for each Accused Product because it is overly broad and burdensome.
>
> Capella reserves its right to supplement and modify its responses to this interrogatory as additional relevant evidence is identified through its ongoing investigation.

Ex. C, Plaintiff's Objections and Responses to Defendant's Second Set of Interrogatories (Nos. 12-20) at 9 (emphasis added).

7. Plaintiff has not supplemented or amended its responses to FNC's Interrogatory No. 19.

8. Fact discovery closed on March 15, 2021. Dkt. No. 36 (First Amended Docket Control Order (Sept. 23, 2020).

### IV. APPLICABLE LAW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Although "[d]istrict courts enjoy discretion in deciding whether to award enhanced damages, and in what amount," that discretion is not unbounded; rather, "such damages are generally reserved for egregious cases of culpable behavior." *Halo*, 136 S. Ct. at 1932. "To establish willfulness, the patentee must show the accused infringer had a specific intent to infringe at the time of the challenged conduct." *Bayer*, 989 F.3d at 978.

"Awards of enhanced damages under the Patent Act over the past 180 years establish that they are not to be meted out in a typical infringement case, but are instead designed as a

4

'punitive' or 'vindictive' sanction for **egregious infringement behavior**." *Halo*, 136 S. Ct. at 1932 (emphasis added); *see also id.* at 1935–36.

V.     **ARGUMENT – PLAINTIFF'S WILLFUL INFRINGMENT CLAIM FAILS**

**No Pre-Suit Willfulness:** As a matter of law, FNC could not have willfully infringed the patents-in-suit before they reissued on March 17, 2020. In order "to willfully infringe a patent, ***the patent must exist*** and the accused infringer must have knowledge of it." *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) (emphasis added). The Asserted Patents here did not exist before March 17, 2020.

**No Post-Suit Willfulness:** Willful infringement requires conduct that is "willful, wanton, malicious, [in] bad-faith, deliberate, consciously wrongful, flagrant, or—indeed— characteristic of a pirate." *Halo*, 136 S. Ct. at 1932. Because Plaintiff cannot meet this standard, summary judgment of no post-suit willful infringement also should be granted.

A plaintiff's failure to identify evidence of what *Halo* calls "egregious infringement behavior" – that is, evidence ***in addition to*** evidence that the defendant knew of the patent – is sufficient grounds for granting judgment of no willfulness as a matter of law. *See*, *e.g.*, *Erfindergemeinschaft*, 2017 WL 2190055, at *3 (granting JMOL where "the evidence was not sufficient to support a finding that UroPep had met its burden of showing that Lilly's conduct was 'egregious' or 'malicious' behavior that is 'characteristic of a pirate.'"); *Vehicle IP*, 227 F. Supp. 3d at 331; *Greatbatch Ltd. v. AVX Corp.*, No. 13-723-LPS, 2016 WL 7217625, at *3 (D. Del. Dec. 13, 2016) ("The key inquiry in this case is whether there is evidence ***in addition to AVX's pre-suit knowledge of the patents*** that could show that AVX's infringement was 'egregious,' 'deliberate,' wanton,' or otherwise characteristic of the type of infringement that warrants the Court exercising its discretion to impose the 'punitive' sanction of enhanced damages.") (quoting *Halo*) (emphasis in original). In cases where the non-movant will bear the

ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if it can point to an absence of evidence to support an essential element of the non-moving party's claim. *Celotex*, 477 U.S. at 322.

This is not a case in which FNC is alleged to have copied patented technology. Plaintiff does not, for example, identify any evidence that FNC intentionally relied on the Asserted Patent when designing its Accused Product. Nor could Plaintiff ever provide such evidence because the Accused Product was on the market long before the Asserted Patents even issued. *See*, *supra*, Section III, ¶¶ 1-3. FNC was unaware of the Asserted Patents when the Accused Products were designed and launched for sale into the market, because those activities took place years before the Asserted Patents issued on March 17, 2020. *Cf. State Indus.*, 751 F.2d at 1235 (infringer developed its product without any knowledge of the patented technology and did not know of the patent until shortly before suit was filed).

In short, Plaintiff has failed to allege, much less produce evidence that shows, any specific culpable behavior that could justify enhanced damages. Plaintiff's willfulness case amounts to an allegation that FNC willfully infringes simply because it continued conducting its business after being sued. But as the U.S. Supreme Court has made clear, enhanced damages "are not to be meted out in a typical infringement case" but instead are reserved as a "sanction for egregious infringement behavior." *Halo*, 136 S. Ct. at 1932.

## VI. CONCLUSION

No reasonable juror could find on this record that FNC's actions have been willful, in bad faith, or rise to the level of egregious misconduct specified in *Halo*. There is no genuine issue of material fact. FNC therefore is entitled to judgment as a matter of law of no willful infringement.

ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if it can point to an absence of evidence to support an essential element of the non-moving party's claim. *Celotex*, 477 U.S. at 322.

This is not a case in which FNC is alleged to have copied patented technology. Plaintiff does not, for example, identify any evidence that FNC intentionally relied on the Asserted Patent when designing its Accused Product. Nor could Plaintiff ever provide such evidence because the Accused Product was on the market long before the Asserted Patents even issued. *See*, *supra*, Section III, ¶¶ 1-3. FNC was unaware of the Asserted Patents when the Accused Products were designed and launched for sale into the market, because those activities took place years before the Asserted Patents issued on March 17, 2020. *Cf. State Indus.*, 751 F.2d at 1235 (infringer developed its product without any knowledge of the patented technology and did not know of the patent until shortly before suit was filed).

In short, Plaintiff has failed to allege, much less produce evidence that shows, any specific culpable behavior that could justify enhanced damages. Plaintiff's willfulness case amounts to an allegation that FNC willfully infringes simply because it continued conducting its business after being sued. But as the U.S. Supreme Court has made clear, enhanced damages "are not to be meted out in a typical infringement case" but instead are reserved as a "sanction for egregious infringement behavior." *Halo*, 136 S. Ct. at 1932.

## VI. CONCLUSION

No reasonable juror could find on this record that FNC's actions have been willful, in bad faith, or rise to the level of egregious misconduct specified in *Halo*. There is no genuine issue of material fact. FNC therefore is entitled to judgment as a matter of law of no willful infringement.

Dated: April 26, 2021                                  Respectfully submitted,


                                                       By:    */s/ Nathaniel T. Browand*
                                                              Christopher J. Gaspar
                                                              cgaspar@milbank.com
                                                              Nathaniel T. Browand
                                                              nbrowand@milbank.com
                                                              MILBANK LLP
                                                              55 Hudson Yards
                                                              New York, New York 10001-2163
                                                              Telephone: (212) 530-5000

                                                              Melissa Smith
                                                              State Bar No. 24001351
                                                              GILLAM & SMITH LLP
                                                              303 S. Washington Avenue
                                                              Marshall, Texas 75702
                                                              Telephone: (903) 934-8450
                                                              melissa@gillamsmithlaw.com

                                                              *Attorneys for Defendant*
                                                              *Fujitsu Network Communications, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 26, 2021.

<i>/s/ Nathaniel T. Browand</i><br>
Nathaniel T. Browand