# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS MARSHALL DIVISION

| | |
|---|---|
| CAPELLA PHOTONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FUJITSU NETWORK COMMUNICATIONS, INC. <br><br> Defendant. | Case No. 2:20-CV-0076-JRG |

**PLAINTIFF CAPELLA PHOTONICS, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES (NOS. 12-20)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff, Capella Photonics, Inc. ("Capella"), hereby objects and provides responses to the Second Set of Interrogatories (Nos. 12-20) of defendant Fujitsu Network Communications, Inc. ("Defendant" or "FNC") as follows:

**PRELIMINARY STATEMENT**

Capella states that discovery in this matter is ongoing and will continue as long as permitted by statute, stipulation or Order of the Court. Capella expects that this ongoing discovery, as well as its own investigation, will lead to additional relevant evidence. Capella reserves its right to further supplement and modify its responses to these interrogatories, and to introduce at trial or any other proceeding any evidence from any source and testimony from any witness.

Capella further states that it is making a good-faith effort to respond to these interrogatories; and that it is responding as it interprets and understands them based only upon such information as is presently available to, and specifically known by, Capella. If FNC subsequently asserts an interpretation of any interrogatory that differs from the understanding of Capella, Capella reserves the right to further supplement its objections and responses herein.

Capella does not waive any objections it may have on the grounds of relevance,

authenticity, admissibility, the attorney-client privilege, the attorney work product doctrine, and/or any other privilege, immunity, or other ground for objection by responding to these interrogatories. Capella also expressly reserves the right, at any time, to object to the wording, implication, and/or characterization of any of these interrogatories. Moreover, nothing contained herein is an admission relative to the existence of any information sought, to the relevance or admissibility of any response, and/or to the truth or accuracy of any statement or characterization contained in any particular interrogatory.

## **GENERAL OBJECTIONS AND RESPONSES**

Capella makes the following General Objections to each definition, instruction, and interrogatory propounded in FNC's Second Set of Interrogatories. These General Objections are hereby incorporated into each specific response. The assertion of similar or additional objections or partial responses to the individual requests does not waive any of Capella's General Objections.

1. Capella objects to the interrogatories to the extent that they seek information or production of documents protected by Federal Rule of Evidence 501, the attorney-client, joint defense, common interest, work product, and/or other privileges or protections. Such information or documents shall not be provided in response to FNC's interrogatories, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege with respect to such information or documents or of any work product immunity which may attach thereto.

2. Capella objects to the interrogatories insofar as they prematurely seek information, including the disclosure of experts or expert reports or opinions in advance of the timing provided by the rules and orders of the Court.

3. Capella objects to each definition, instruction, and interrogatory as overly broad and unduly burdensome to the extent that it purports to impose any requirement or obligation on Capella that exceeds the requirements of the Federal Rules of Civil Procedure or the Local Rules (including the Local Patent Rules) of the Eastern District of Texas.

4. Capella objects to all definitions, instructions, and interrogatories to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific interrogatory on the ground that such enlargement, expansion, or alteration renders said interrogatory vague, ambiguous, unintelligible, unduly broad, and uncertain.

5. Capella objects to the interrogatories as unduly burdensome to the extent that they seek proprietary, confidential, or private business information, including information constituting or pertaining to trade secrets, personnel information, competitively sensitive information, or protected information of third parties, including information that Capella is under an obligation to third parties not to disclose or information otherwise subject to a third party's confidentiality restrictions or privacy rights (collectively "Protected Information").

6. Capella objects to the interrogatories to the extent that they are overbroad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

7. Capella objects to the interrogatories to the extent that they seek an improper legal conclusion or opinion. Capella's interrogatory responses herein shall not be construed as binding Capella to any particular legal position or theory.

8. Capella objects to the interrogatories to the extent that they assume facts that are not in evidence. Capella does not admit or agree with any explicit or implicit assumption made in the interrogatories.

9. Capella objects to the definitions, instructions, and interrogatories to the extent they seek information not in Capella's possession, custody, or control.

10. Capella objects to the interrogatories as unduly burdensome to the extent that they seek information that can be obtained as easily by FNC as by Capella and to the extent that they seek information already in FNC's possession.

11. Capella objects to FNC's definition of "Plaintiff," "Capella," "You," and "Your" as vague and ambiguous; and to the extent it renders one or more definitions, instructions, and/or interrogatories overly broad and/or unduly burdensome.

12. Capella objects to FNC's definitions of "[c]oncerning," "refer to," "reflecting,"

and "relating to" as vague, ambiguous, and unintelligible (with no discernable boundaries); and to the extent they render one or more definitions, instructions, and/or interrogatories overly broad and/or unduly burdensome.

13. Capella objects to FNC's definitions for the term "identify" as vague and ambiguous; and to the extent they render one or more definitions, instructions, and/or interrogatories overly broad and/or unduly burdensome. Capella also objects to these definitions to the extent they seek discovery beyond the limits of the Federal Rules of Civil Procedure and/or the Local Rules of this Court, and to the extent they require Capella to respond to multiple improper subparts.

14. Capella objects to FNC's definition of "[c]ommunication" as vague and ambiguous; and to the extent it renders one or more definitions, instructions, and/or interrogatories overly broad and/or unduly burdensome.

15. Capella objects to the interrogatories to the extent that they seek "all" information or "any" information relating to a given subject on the grounds that such interrogatories are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Capella also objects to such interrogatories on the grounds that, read literally, they could require Capella to search exhaustively for information in an attempt to locate "all" information or "any" information that might possibly be responsive to an interrogatory.

16. Capella reserves the right to object on any ground at any time to such other or supplemental interrogatories as FNC may at any time propound involving or relating to the subject matter of these interrogatories.

Capella objects to FNC's interrogatories, definitions, and instructions to the extent they: (i) are compound; (ii) are phrased disjunctively or conjunctively; (iii) include subparts in such a manner that they are unduly burdensome, confusing, or cannot be reasonably answered; or (iv) collectively exceed the number of interrogatories permitted by the applicable discovery order(s).

## **SPECIFIC OBJECTIONS AND RESPONSES**

Without waiving or limiting in any manner any of the foregoing general objections, but,

rather, incorporating them into each of the following responses to the extent applicable.

**INTERROGATORY NO. 12:**

Identify and describe all facts supporting or otherwise relating to Capella's claim as identified in Capella's Responses to FNC's First Set of Interrogatories (No. 1-11) that the technology claimed in the Asserted Patents "is incorporated within, and is a key demand driver for, each of the Accused Products."

**RESPONSE TO INTERROGATORY NO. 12:**

Capella objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Capella also objects to this interrogatory as vague and ambiguous. Capella also objects to this interrogatory as seeking information that is neither relevant to the above-captioned action, nor proportional to the needs of the case. Capella also objects to this interrogatory as overly broad and unduly burdensome. Capella also objects to this interrogatory as containing improper multiple subparts. Capella also objects to this interrogatory to the extent it seeks the legal bases for its contentions. Capella also objects to this interrogatory to the extent it improperly seeks expert testimony. Subject to and without waiving the foregoing objections, Capella responds as follows: Capella incorporates by this reference the reports of its experts Wayne Knox and David Teece.

**INTERROGATORY NO. 13:**

Identify and describe any and all licenses entered by You or any other individual or entity that You contend involve patents that are comparable to the Asserted Patents.

**RESPONSE TO INTERROGATORY NO. 13:**

Capella objects to Interrogatory No. 13 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Capella also objects to this interrogatory as vague and ambiguous. For example, the phrases "comparable" and "any other individual or entity" are not defined, and are subject to multiple interpretations. Capella also objects to this interrogatory as overly broad and unduly

burdensome. Capella also objects to this interrogatory as overly broad and unduly burdensome. Capella also objects to this interrogatory as containing improper multiple subparts. Capella also objects to this interrogatory to the extent it seeks the legal bases for its contentions. Subject to and without waiving the foregoing objections, Capella responds as follows: Capella incorporates by this reference the reports of its experts Wayne Knox and David Teece.

**INTERROGATORY NO. 14:**

Separately, for each Asserted Claim, identify and describe any known or possible non-infringing alternatives, including whether each such alternative is acceptable, commercially viable, and non-infringing, and all documents supporting or refuting such position and any documents related thereto.

**RESPONSE TO INTERROGATORY NO. 14:**

Capella objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Capella also objects to this interrogatory as vague and ambiguous. Capella also objects to this interrogatory as seeking information that is neither relevant to the above-captioned action, nor proportional to the needs of the case. Capella also objects to this interrogatory as overly broad and unduly burdensome. Capella also objects to this interrogatory as containing improper multiple subparts. Capella also objects to this interrogatory to the extent it improperly seeks expert testimony. Subject to and without waiving the foregoing objections, Capella responds as follows: Capella incorporates by this reference the reports of its experts Wayne Knox and David Teece.

**INTERROGATORY NO. 15:**

Identify and describe all facts and evidence supporting or otherwise relating to Capella's claim that an LCoS-based wavelength selective switch used in or incorporated into an Accused Product includes "channel micromirrors" as construed by the Claim Construction Order.

**RESPONSE TO INTERROGATORY NO. 15:**

Capella objects to this interrogatory to the extent it seeks information protected by the

attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Capella also objects to this interrogatory as vague and ambiguous. Capella also objects to this interrogatory as overly broad and unduly burdensome. Capella also objects to this interrogatory as containing improper multiple subparts. Capella also objects to this interrogatory to the extent it seeks the legal bases for its contentions. Capella also objects to this interrogatory to the extent it improperly seeks expert testimony. Subject to and without waiving the foregoing objections, Capella responds as follows: Capella incorporates by this reference the reports of its experts Wayne Knox and David Teece.

**INTERROGATORY NO. 16:**

Separately, for each Asserted Claim and each Accused Product, identify and describe all facts and evidence supporting or otherwise relating to Capella's claim of indirect infringement, including induced infringement under 35 U.S.C. § 271(b) and contributory infringement under 35 U.S.C. § 271(c).

**RESPONSE TO INTERROGATORY NO. 16:**

Capella objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Capella also objects to this interrogatory as vague and ambiguous. Capella also objects to this interrogatory as overly broad and unduly burdensome. Capella also objects to this interrogatory as containing improper multiple subparts. Capella also objects to this interrogatory to the extent it seeks the legal bases for its contentions.

Subject to and without waiving the foregoing objections, Capella responds as follows: Capella incorporates by this reference the reports of its experts Wayne Knox and David Teece.

**INTERROGATORY NO. 17:**

Separately, for each Asserted Claim and each Accused Product, identify and describe all facts and evidence supporting or otherwise relating to Capella's claim of alleged infringement under the doctrine of equivalents.

**RESPONSE TO INTERROGATORY NO. 17:**

Capella objects to Interrogatory No. 17 to the extent it seeks information protected by attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Capella also objects to this interrogatory as vague and ambiguous. Capella also objects to this interrogatory as overly broad and unduly burdensome. Capella also objects to this interrogatory as containing improper multiple subparts. Capella further objects to this interrogatory on the grounds that it is premature because the parties have not completed expert discovery. Capella will provide its theories of infringement under the doctrine of equivalents in connection with expert discovery in this matter. Subject to and without waiving the foregoing objections, Capella responds as follows: Capella incorporates by this reference the reports of its experts Wayne Knox and David Teece.

**INTERROGATORY NO. 18:**

Separately, for each Accused Product, identify and describe all facts and circumstances supporting or otherwise relating to Capella's claim of alleged infringement based on FNC's "own use and testing of products and/or services that infringe the Asserted Patents."

**RESPONSE TO INTERROGATORY NO. 18:**

Capella objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Capella also objects to this interrogatory as vague and ambiguous. Capella also objects to this interrogatory as overly broad and unduly burdensome. Capella also objects to this interrogatory as containing improper multiple subparts. Capella also objects to this interrogatory to the extent it seeks the legal bases for its contentions. Capella also objects to this interrogatory to the extent it improperly seeks expert testimony. Capella declines to separately list evidence for each Accused Product because it is overly broad and burdensome.

Subject to and without waiving the foregoing objections, Capella responds as follows: Capella incorporates by this reference the reports of its experts Wayne Knox and David Teece.

**INTERROGATORY NO. 19:**

Separately, for each Accused Product, identify and describe all facts and evidence supporting or otherwise relating to Capella's claim that any alleged infringement has been willful.

**RESPONSE TO INTERROGATORY NO. 19:**

Capella objects to Interrogatory No. 19 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Capella also objects to this interrogatory as vague and ambiguous. Capella also objects to this interrogatory as overly broad and unduly burdensome. Capella also objects to this interrogatory as containing improper multiple subparts. Capella also objects to this interrogatory to the extent it seeks the legal bases for its contentions.

Subject to the forgoing objections, Capella responds that FNC has been aware since at least the filing of Capella's original action against it in 2014 of Capella's assertions that FNC's activities relating to the Accused Products infringe the original and Asserted Patents. Nevertheless, FNC continued to manufacture, market and sell the Accused Products. FNC willfully infringed after it had notice of Capella's patent rights, and FNC engaged in egregious misconduct beyond typical infringement. FNC did not exercise due care to determine whether or not it was infringing on the original or Asserted Patents. Capella's contention is based on, but not limited to, all pre-litigation correspondence between Capella and FNC regarding patent infringement of the Asserted Patents; all pleadings filed by the parties in this patent infringement action and prior actions between the parties; all facts and evidence at issue in this action; all petitions and submissions in the PTAB proceedings pertaining to the Asserted Patents and all facts and evidence at issue in the PTAB proceedings pertaining to the Asserted Patents and all ruling and decisions in the PTAB proceedings. Capella declines to separately list evidence for each Accused Product because it is overly broad and burdensome.

Capella reserves its right to supplement and modify its responses to this interrogatory as additional relevant evidence is identified through its ongoing investigation.

**INTERROGATORY NO. 20:**

Separately, for each Accused Product, identify and describe all facts and evidence that the operation or structure of any Accused Products manufactured or sold since March 17, 2020 is different from the operation or structure of Accused Products in existence before March 17, 2020.

**RESPONSE TO INTERROGATORY NO. 20:**

Capella objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Capella also objects to this interrogatory as overly broad and unduly burdensome. Capella objects to the term "different from the operation or structure" as vague, ambiguous and overbroad.

Subject to and without waiving the foregoing objections, Capella responds as follows: Capella incorporates by this reference the reports of its experts Wayne Knox and David Teece.

| | |
|---|---|
| Dated: March 15, 2021 | By: /s/ *Robert D. Becker* <br> Charles Everingham IV (TX SBN 00787447) Email: *ce@wsfirm.com* <br> T. John Ward (TX SBN 20848000) Email: *tjw@wsfirm.com* <br> Claire Abernathy Henry (TX SBN 24053063) Email: *claire@wsfirm.com* <br> Andrea Fair (TX SBN 24078488) Email: *andrea@wsfirm.com* WARD, SMITH & HILL, PLLC <br> P.O. Box 1231 <br> Longview, TX 75606 <br> Telephone: (903) 757-6400 <br> Facsimile: (903) 757-2323 <br><br> Robert D. Becker (Cal. Bar 160648) Email: *rbecker@manatt.com* <br> Christopher L. Wanger (Cal. Bar 164751) Email: |

*cwanger@manatt.com*  MANATT, PHELPS & PHILLIPS, LLP
1 Embarcadero Center, 30th Floor  San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Attorneys for Plaintiff,
CAPELLA PHOTONICS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on all counsel of record who have consented to electronic service on this 15th day of March, 2021.

*/s/ Christopher L. Wanger*
Christopher L. Wanger

327361803.2